IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> vs. <br><br> EDWARD RONALD STAMPER, <br><br> Defendant/Movant. | Cause No. CR 11-79-GF-BMM <br><br> ORDER DENYING MOTION TO SEAL |

On September 29, 2014, Defendant Edward Ronald Stamper, a federal prisoner proceeding pro se, filed a supplement to his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Court will review the supplement in due course.

Stamper also filed a motion to "seal these claims from the United States Attorney's Office, Law Enforcement, or any other person in relation to these proceedings or in acquaintance to those persons" until numerous digital-storage devices and records are seized. Mot. to Seal (Doc. 114) at 2. Stamper claims these devices will still contain pictures and text messages from 2011 that are highly incriminating to others but ten to exculpate him.

Stamper has only his own say-so to support his allegations. Although the basis of his purported knowledge is clear – he was there – his veracity and

1

reliability are reasonably open to question. Consequently, even assuming seizure is available, Stamper does not make a sufficient showing of probable cause, under the totality of the circumstances, to warrant seizure of the devices he identifies. *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). Moreover, if the events transpired as Stamper claims, the persons involved have known for years that they possess incriminating information and have long had a motive to destroy it. There is no reason to believe that temporarily sealing Stamper's request for the information will contribute to preserving the evidence he seeks. He fails to show good cause sufficient to overcome the strong presumption of public access to judicial proceedings. *Kamakana v. County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

Accordingly, IT IS HEREBY ORDERED that Stamper's motion to seal and his motion for seizure of evidence (Doc. 114) is DENIED.

<u>Stamper must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his § 2255 motion without notice to him.

DATED this 29th day of September, 2014.

    /s/ Brian M. Morris
Brian M. Morris
United States District Court